IN THE CIRCUIT COURT
FOR PRINCE GEORGE'SCOUNTY, MARYLAND

| | |
|---|---|
| **ALETA WASHINGTON**<br>11209 Carroll Drive<br>Waldorf MD 20601<br>*Individually and for all others similarly<br>situated,*<br><br>Plaintiff,<br><br>v.<br><br>**JSPB, INDUSTRIES INC.**, d/b/a/ SERVPRO<br>of Charles County<br>4441 Southern Business Park Dr.<br>White Plains, MD 20695<br>Serve On:<br>  Jonathan Stroup,<br>  8348 Venture Drive,<br>  Waldorf, MD 20603<br><br>**ABRAHAM & BAUER, LLC**<br>141 North Main St, Suite F.,<br>Bel Air MD 21014<br>Serve On:<br>  Aaron G. Bloom,<br>  10500 Little Patuxent Pkwy, Ste 770,<br>  Columbia MD 21044<br>            Defendants. | Case No.:<br><br><br>*CAL21- 05821*<br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Aleta Washington files this complaint through undersigned counsel for

Defendants' violations of state law. JSPB, Industries Inc. ("JSPB"), a mold remediation

company, told Ms. Washington her insurer would pay for its services and tricked her into

signing a contract by pretending it was a receipt. JSPB never gave her a copy of the

contract and never gave her notice of her right to cancel under the Door-to-Door Sales

Act. Her insurer refused to pay for JSPB's services. Then, JSPB waited two years before hiring a collection attorney, Abraham and Bauer, LLC ("A&B") to sue her. JSPB's own contract prohibits any lawsuit "regardless of form, regarding the subject matter of the contract" more than a year after discovery. JSPB violated its own self-imposed statute of limitations. A&B filed a suit barred by the terms of the contract underlying the suit, a copy of which was attached to the collection lawsuit. A&B and JSPB also attempted to collect prejudgment interest at 18%, three times the constitutional rate in Maryland. JSPB has filed many other similar lawsuits, in which they delay filing, then claim excessive prejudgment interest.

1.      Plaintiff brings this claim for all others similarly situated. Plaintiff seeks to recover damages from JSPB and A&B caused by their filing suits barred the underlying contracts and collecting excessive interest.

## PARTIES

2.      Plaintiff is a resident of Charles County, Maryland.

3.      Defendant JSPB is a Maryland corporation. Its principal office is 4441 Southern Business Park Dr., White Plains, MD 20695. Its registered agent is Jonathan Stroup, 8348 Venture Drive, Waldorf, MD 20603.

4.      Defendant A&B is a Maryland limited liability company.  According to SDAT, its principal office is at 141 North Main St, Suite F., Bel Air MD 21014. Its resident agent is Aaron G. Bloom, Ste 770, 10500 Little Patuxent Pkwy, Columbia MD 21044.

## JURISDICTION

5.      This court has jurisdiction over the Defendants under Md. Code Ann., Cts. & Jud. Proc. § 6-102 because all are domiciled in Maryland and organized under the laws of Maryland.

6.      Venue is proper in this County under Md. Code Ann., Cts. & Jud. Proc. § 6-201 because JSPB and A&B regularly carry on business in Prince George's County by providing services an bringing collection actions Prince George's County.

### FACTS

7.      Ms. Washington's basement flooded in October 2018, due to water seepage from a rain storm.

8.      Ms. Washington called her insurer, Stillwater Insurance. Her insurer told her to call Servpro, and told her that it would cover Servpro's fees. Ms. Washington called Servpro and spoke to JSPB. JSPB assured Ms. Washington that any fees would be paid by her insurer.

9.      JSPB thus represented to Plaintiff that her insurer would pay for the cost of its services. By doing so, JSPB provided advice regarding Plaintiff's first-party insurance claim in exchange for a thing of value (Plaintiff agreeing to have JSPB provide services), and so acted as a Public Adjuster under Md. Code Ann., Ins. §§ 10-401 et seq.

10.     Defendant did not have a mandatory public adjuster's license required by law to engaged in these acts.[1]

11.     Ms. Washington's sump pump had removed the standing water from the basement by the following morning.

12.     Employees of JSPB came to Ms. Washington's home. They removed water damaged carpets and pads, and placed dehumidifiers and fans in the basement to dry out the now bare concrete floor of the basement. The machines left by JSPB to continue

---

[1] The Maryland Home Improvement Commission (MHIC) warns licensed contractors that they "may not prepare the insurance claim for the homeowner or negotiate the claim with the insurance company or advise the homeowner on the insurance policy's coverage." https://www.dllr.state.md.us/license/mhic/ last accessed 3.12.2021.

running over several days. An agent of JSPB, whose name is unknown to Ms. Washington, asked her to sign an electronic tablet "as a receipt" for the machines. Ms. Washington did so.

13.     Without Ms. Washington's knowledge or consent, JSPB appended Ms. Washington's signature to a contract agreeing to pay all of JSPB's charges if her insurer did not do so, and thus disclaiming JSPB's earlier assurance that her insurer *would* pay JSPB's charges.

14.     The terms of the contract included:

> Interest and finance charges will be charged at the maximum allowable by law, or at 1.5% per month whichever is less, on accounts over thirty (30) days past due.
>
> \*\*\*
>
> **NO ACTION, REGARDLESS OF FORM, RELATING TO THE SUBJECT MATTER** OF THIS CONTRACT MAY BE BROUGHT MORE THAN ONE (1) YEAR AFTER THE CLAIMING PARTY KNEW OR SHOULD HAVE KNOWN OF THE CAUSE OF ACTION.

(capitalization and emphasis original).

15.     On October 25, 2018, Ms. Washington received a non-itemized invoice, indicating that JSPB was seeking $4,555.47 from her insurer.

16.     On October 26, 2018, Ms. Washington's insurer denied her claim for damage arising from the flooding, due to a policy exclusion for flooding caused by groundwater seepage. The denial letter did not mention JSPB's services and referred only to a claim for repair and replacement, so Ms. Washington believed that it related only to her claim for replacement of carpeting, not to JSPB's dehumidification services.

17.     Ms. Washington received no demand for payment from JSPB until April 7, 2020, when A&B wrote to her on JSPB's behalf, demanding $4,555.47 in principle,

$1,140.16 in interest, and $800.00 in attorney's fees.

18.    On information and belief, JSPB had not actually incurred $800 in attorney's fees by April 7, 2020.

19.    On information and belief, $800 did not represent a reasonable amount of attorney's fees for sending a single letter, when there had been no prior demand for payment.

20.    Plaintiff called A&B to dispute the debt. A&B responded in a letter dated April 10, 2020, providing Plaintiff for the first time with a copy of the contract to which her signature had been appended together with an itemized list of the work allegedly done by JSPB.

### The Improper Collection Action

21.    On May 21, 2020, JSPB, through its attorneys A&B, sued Ms. Washington and her husband, Mr. Washington, in the District Court of Maryland for Charles County. The lawsuit sought interest at 18% from November 15, 2018.

22.    The lawsuit was untimely, because JSPB's own contract prohibited any action based on the subject matter of the contract filed more than one year after JSPB knew or should have known that the money was owed, as demonstrated by the fact that interest was claimed from November 15, 2018, more than a year earlier.

23.    The claim for interest was excessive: the legal rate of interest in Maryland absent any special statutory authority is 6% per annum. JSPB's claim for interest was for 18% per annum, three times the legal rate.

24.    The lawsuit sought payment for services JSPB had not, in fact, provided: it claimed money for removing baseboards from the basement, which they never did. Ms. Washington could not have complained about the omission sooner, because she did not

know JSPB had charged for that service until she was served with the lawsuit.

25.  JSPB's claim against Mr. Washington was premised on allegations that he "knew or should have know . . . that [JSPB] expected payment," however, JSPB's false representation that the Washington's insurer would pay meant that Mr. Washington *did not* expect to have to pay JSPB.

26.  Mr. & Ms. Washington defended the collection action, and attended a court-supervised mediation, which failed.

27.  Mr. & Ms. Washington then retained counsel to defend her in the collection action, at her expense.

### The Door-to-Door Sales Act

28.  Md. Code Ann., Com. L. ("CL") §14-301 et seq. regulates all sales of consumer goods or services over $25 made other than at the seller's place of business. CL § 14-301(c) and (d).

29.  The Door-to-Door Sales Act requires that the seller give the buyer "A fully completed receipt or copy of any contract which pertains to a door-to-door sale at the time of its execution." CL § 14-302(1)(i).

30.  The Door-to-Door Sales Act gives the buyer the right to cancel the transaction at any time prior to midnight on the third business day after the date of the transaction and requires notice of the right and inclusion of a form notice of cancellation in any door-to-door sales contract. CL § 14-302(1)(ii), (2).

31.  Sellers must tell buyers about their cancellation rights orally, at the time the buyer signs the contract. CL § 14-302(5).

32.  Where the seller fails to comply with the Act, the buyer "may cancel the door-to-door sale by notifying the seller in any manner and by any means." CL § 14-303.

33.     Violation of the Act is privately actionable for actual damages, costs and reasonable attorney's fees. CL § 14-304.

34.     The JSPB contract was covered by the Maryland Door-to-Door Sales Act, because it was ostensibly entered into other than at JSPB's trade premises, at Ms. Washington's home.

35.     Ms. Washington was not provided a copy of the contract at the time she signed, nor was she given notice of her right to cancel the contract.

### JSPB's Pattern and Practice

36.     JSPB aggressively seeks to collect debts arising from its services.

37.     JSPB has brought bankruptcy adversary proceedings at least twice seeking to recover its charges and interest at illegally-high rates. In both *JSPB Industries, Inc v. Hursey,* Adv. Pro. No. 19-00465 (D. Md. Bk.), and *JSPB Industries, Inc v. Linton,* Adv. Pro. No. 20-00173 (D. Md. Bk.), JSPB sought to recover on an agreement substantially identical to the one in this case.

38.     JSPB has filed more than 100 collection action in Maryland state courts since 2017.

39.     In *JSPB Industries Inc. v. Harris,* D-042-CV-19-009559 (Dist. Ct. Charles Co., June 3, 2019), the defendant in his defense explained, that, much like Plaintiff, "[t]he document I signed was blank and I was told it was only for completion of service."

40.     Judgments in JSPB's collection actions reveal that JSPB often obtains judgments for prejudgment interest amounts so large that, even calculated at 18%, the prejudgment interest must cover a period greater than one year, for example:

| Case Number | Principal Amount | Prejudgment Interest | Days at 18% Interest[2] |
|---|---|---|---|
| 0502-0014671-2019 | $ 5,074.91 | $ 1,367.50 | 546 |
| 0502-0035358-2018 | $ 934.13 | $ 288.88 | 627 |
| 0502-0031767-2018 | $ 865.91 | $ 403.64 | 945 |
| 0502-0031769-2018 | $ 2,000.00 | $ 564.48 | 572 |
| 0502-0031770-2018 | $ 1,591.60 | $ 365.04 | 465 |
| 0502-0031771-2018 | $ 3,030.16 | $ 576.85 | 386 |
| 0502-0031768-2018 | $ 7,203.23 | $ 2,825.80 | 795 |
| D-042-CV-17-003258 | $ 11,522.77 | $ 5,725.44 | 1008 |
| D-042-CV-18-005848 | $ 3,384.90 | $ 1,205.16 | 722 |
| D-042-CV-18-005849 | $ 2,261.23 | $ 496.17 | 445 |
| D-042-CV-18-005851 | $ 16,649.08 | $ 3,579.56 | 436 |
| D-042-CV-18-005852 | $ 2,034.90 | $ 406.80 | 405 |
| D-042-CV-18-005853 | $ 1,644.66 | $ 768.69 | 948 |

41.    Thus, on information and belief, JSPB routinely files beyond the statute of limitations provided in its own contract..

## Class Allegations

42.    Plaintiff brings this action for a class and subclass of others similarly situated.

43.    **Class Definition.** The class is based on violations of the Door-to-Door Sales Act and is defined as:

> All individual residents of Maryland who signed a contract with JSPB governed by the Door-to-Door Sales Act which did not give notice of the individual's right to cancel under the Act.

44.    **Subclass Definition.** The subclass is based on violation of the Statute of Limitations and/or charging excessive prejudgment interest and is defined as:

> All members of the class who, within the past three years paid money to JSPB or incurred expenses defending themselves after JSPB sued the class member for either (a) interest in excess of 6% per annum or (b) more than one year after JSPB submitted an invoice to the class member or their insurer.

---

[2] Assuming 18% interest per annum calculated daily in a 365-day year.

45.   **Exclusions.** The following persons are excluded from each class:

> An employee or independent contractor of the Defendants;
> (ii) a relative of an employee or independent contractor of the
> Defendants; (iii) an employee of the Court where this action is
> pending, or (iv) a person who filed for bankruptcy and
> received a discharge after the date of the letter.

46.   These definitions are subject to amendment.

47.   **Numerosity.** On information and belief, the class and subclass are so numerous that joinder of all members is impracticable. This is based on JSPB's appearing as plaintiff in more than 70 cases in Maryland's District Court in the past three years.

48.   The exact size of the class and subclass and the identity of the members are readily ascertainable from Defendants' records.

49.   **Common Questions.** There are questions of fact or law common to the class and subclass.

50.   The questions common to the class are:

a.   Whether JSPB violated the Door-To-Door Sales Act by failing to provide proper notice of the class members right to cancel;

b.   Whether the class members are entitled to cancel their contracts with JSPB.

51.   The questions common to the subclass are:

a.   Whether Defendants were legally permitted to charge 18% per annum interest;

b.   Whether Defendants were legally permitted to file collection lawsuits more than 1 year after its cause of action accrued;

c.   Whether Defendants violated the MCDCA by seeking excessive interest or by suing beyond the contractual limitations period.

52.   **Typicality.** Plaintiff's claims are typical of the claims of the class and

subclass.

53.    **Adequacy.** Plaintiff will fairly and adequately represent the class and subclass. Plaintiff has no interests antagonistic to those of the members of the class and subclass. Plaintiff has retained counsel experienced in consumer class actions.

54.    **Generally Applicable Grounds.** JSPB acted or refused to act on grounds generally applicable to the class in that it used standard form contracts for all its customers.

55.    **Predominance.** The common questions predominate over individual questions within the class and subclass. Defendants' contracts and the applicable law are substantially identical between the class members, with only dates and amounts varying between members.

56.    **Superiority.** A class action is superior to other available methods of adjudication: no other individual actions have been brought raising these issues to Plaintiff's knowledge. The relatively small individual damages combined with burden of litigating individual cases would make it impractical and economically unfeasible for class members to bring separate actions. The prosecution of separate actions, even if possible, would create the risk of inconsistent adjudications with respect to individual class members. The concentration of the litigation of these claims in this forum is desirable since JSPB and all class members reside in Maryland, Maryland law applies to the case an JSPB does business and pursues collections in Prince George's County.

57.    There are no difficulties likely to be encountered in the management of the class.

58.    **Certification.** Plaintiff seeks certification of the class and subclass for monetary damages and equitable relief.

59.     Plaintiff's counsel are entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

### COUNT I – Maryland Door-To-Door Sales Act (JSPB Only)(Class)

60.     Plaintiff repeats the foregoing allegations as though fully set forth here.

61.     Md. Code Ann., Com. L. ("CL") §14-301 et seq. regulates all sales of consumer goods or services over $25 made other than at the seller's place of business. CL § 14-301(c) and (d).

62.     The sale of JSPB's services to Plaintiff was a sale of consumer services, namely, flood remediation services.

63.     The sale of JSPB's services took place at Plaintiff's home.

64.     JSPB failed to provide Plaintiff with a copy of the contract she ostensibly signed.

65.     JSPB failed to provide Plaintiff with written notice of her right to cancel.

66.     JSPB failed to provide Plaintiff with a written form cancellation notice.

67.     JSPB failed to state orally that Plaintiff had a right to cancel, at the time of the transaction.

68.     The Door-to-Door Sales Act requires that the seller give the buyer "A fully completed receipt or copy of any contract which pertains to a door-to-door sale at the time of its execution." CL § 14-302(1)(i).

69.     The Door-to-Door Sales Act gives the buyer the right to cancel the transaction at any time prior to midnight on the third business day after the date of the transaction and requires notice of the right and inclusion of a form notice of cancellation in any door-to-door sales contract. CL § 14-302(1)(ii), (2).

70.     Sellers must tell buyers about their cancellation rights orally, at the time the

buyer signs the contract. CL § 14-302(5).

71.     Where the seller fails to comply with the Act, the buyer "may cancel the door-to-door sale by notifying the seller in any manner and by any means." CL § 14-303.

72.     Violation of the Act is privately actionable for actual damages, costs and reasonable attorney's fees. CL § 14-304.

73.     The JSPB contract was covered by the Maryland Door-to-Door Sales Act, because it was ostensibly entered into other than at JSPB's trade premises, at Ms. Washington's home.

74.     Ms. Washington was not provided a copy of the contract at the time she signed, nor was she given notice of her right to cancel the contract.

WHEREFORE Plaintiff asks for the following relief:

   A. Certification of this case as a class action, appointment of Plaintiff as class representative and Plaintiff's counsel as class counsel;

   B. An amount to be determined by the jury for compensatory damages in an amount in excess of $75,000;

   C. A declaration that the members of the Class are entitled to cancel their contracts with Defendants JSPB;

   D. Reasonable attorney's fees and costs;

   E. Such other and further relief the nature of the Plaintiff's cause may require.

## COUNT II – Fair Debt Collection Practices Act (A&B Only)(Individual)

75.     Plaintiff repeats the foregoing allegations as though fully set forth here.

76.     Defendant A&B is a debt collector because it collects debts alleged to be owed to another, in this case JSPB.

77.     The alleged debt was a "debt" within the meaning of the FDCPA because it

was a debt arising from a personal, family or household transaction, namely flood remediation in the Plaintiff's family home.

78.    Defendant A&B Violated 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f.

79.    Defendant A&B violated §§ 1692e, 1692e(10) and 1692e(2)(A) of the FDCPA in its April 7, 2020 letter by:

      a. Misrepresenting the amount owed.

      b. Claiming interest that was not owed.

      c. Claiming attorney's fees that were not owed.

80.    Defendant A&B violated §§ 1692e(5) and 1692f of the FDCPA by filing the collection action, by doing so when suit was barred by the contractual limitations period provided in JSPB's alleged contract with Plaintiff.

81.    Defendant A&B violated §§ 1692e, 1692e(10), 1692e(2)(A) and 1692f of the FDCPA in the collection action by:

82.    Misrepresenting the amount owed.

83.    Claiming interest that was not owed.

84.    Defendant A&B's misrepresentations were material because they were of a kind that would be important to a consumer in deciding how to respond to Defendant's debt collection efforts. A consumer receiving Defendant's misrepresentations might be induced to pay the inflated amounts demanded, or to offer to pay more than they might have offered had they known the true amount of the debt.

WHEREFORE Plaintiff asks for the following relief:

      A. An amount to be determined by the jury for compensatory damages in an amount in excess of $75,000;

B.  Statutory additional damages of $1,000.00;

C.  Reasonable attorney's fees and costs;

D.  Such other and further relief the nature of the Plaintiff's cause may require.

### COUNT III – Maryland Consumer Debt Collection Act (JSPB – Subclass)(A&B - Individual)

85.    Plaintiff repeats the foregoing allegations as though fully set forth here.

86.    Defendants are collectors under the MCDCA because they attempted to collect a consumer debt.

87.    Defendants violated CL § 14-202(8) in that they attempted to collect a debt by claiming or attempting to enforce a right with knowledge that the right did not exist, specifically, by filing the collection action when it was barred by the terms of the alleged contract upon which it was premised.

88.    Defendants knew that the collection was barred by the terms of the contract because they had a copy of the contract.

89.    Defendants also collected prejudgment interest in excess of the 6% rate which is allowed by law.  When they did so, they did so with knowledge that they had no right to collect prejudgment interest at a rate greater than the 6% which is allowed by law.

90.    Section 14-202(11) of the MCDCA states that any violation of the FDCPA is also a *per se* violation of the MCDCA.  Because the Defendants violated several provisions of the FDCPA (as set forth in Count II which is incorporated herein by reference), the Defendants therefore violated CL § 14-202(11).

WHEREFORE Plaintiff asks for the following relief:

A.  Certification of this case as a class action, appointment of Plaintiff as class representative and Plaintiff's counsel as class counsel;

B. An amount to be determined by the jury for compensatory damages in an amount in excess of $75,000;

C. Such other and further relief the nature of the Plaintiff's cause may require.

**COUNT IV – Maryland Consumer Protection Act (JSPB)(Subclass)**

91.    Plaintiff repeats the foregoing allegations as though fully set forth here.

92.    JSPB violated the MCPA by violating the MCDCA, and the Door-to-Door Sale Act as aforesaid.

93.    JSPB violated CL § 13-303(1) by engaging in an unfair, abusive or deceptive trade practices in the sale of consumer goods and services.

94.    JSPB violated CL § 13-303(5) by engaging in an unfair, abusive or deceptive trade practices in the collection of consumer debts.

95.    JSPB engaged in unfair, abusive or deceptive trade practices by:

   a. Falsely representing to Plaintiff that her insurer would pay its fees;

   b. Falsely representing to Plaintiff that she was signing a receipt for machines left at her property, when in fact she was signing an electronic contract promising to pay JSPB's fees.

   c. Falsely representing, through A&B, that Plaintiff owed interest at a rate, and from a date other than allowed by law.

   d. Falsely representing, through A&B, that it could file a collection action despite its own contractual limitations period having passed.

   e. Falsely representing, through A&B, that it was entitled to attorney's fees it had not incurred.

96.    Plaintiff relied upon JSPB's deceptive representations: she used JSPB's services believing that her insurer would pay; she signed JSPB's "receipt" believing it to

be a mere receipt and not a contract for the services already provided.

97.    Plaintiff was damaged thereby in that she incurred attorney's fees to defend her from JSPB's collection efforts, and suffered emotional distress arising from the collection efforts.

98.    Defendant JSPB violated Md. Code Ann., Com. L. § 13-301 by using an unfair practice in connection with the sale of consumer services.

99.    A practice is unfair under the MCPA if it results in (a) a substantial injury (b) not outweighed by any countervailing benefit of the practice and (c) not reasonably avoidable by the consumer. *Legg v. Casstruccio*, 100 Md. App. 748 (1994)(adopting FTC standards for unfairness). That the practice is a violation of public policy provides additional evidence of the degree of consumer injury. *Id.* at 769.

100.    Defendant JSPB represented to Plaintiff that her insurer would pay for the cost of its services, in order to induce Plaintiff to agree to have it perform its services.

101.    Defendant JSPB thus provided advice regarding Plaintiff's first-party insurance claim to plaintiff in exchange for a thing of value, and so acted as a Public Adjuster under Md. Code Ann., Ins. §§ 10-401 et seq.

102.    Defendant did not have a mandatory public adjuster's license required by law to engaged in these acts.

103.    Defendant JSPB had an obligation under Ins. §§ 10-414(a) to serve Plaintiff with complete loyalty and to render Plaintiff the best advice possible.

104.    Defendant JSPB acted in its own interests, by providing inaccurate advice (that Plaintiff's insurer would pay) and by providing excessive and unnecessary services – such as an excessively long rental of drying equipment – in the hope of extract the greatest possible profit from Plaintiff or her insurer.

105.    Defendant JSPB's practices harmed Plaintiff in that they ultimately caused her to incur JSPB's collection action and put her at hazard of paying a substantial sum of money.

106.    Defendant JSPB's practices provide no countervailing benefit to society: society derives no benefit from inaccurate insurance advice by an unlicensed and self-serving public adjuster.

107.    Defendant JSPB's practices were also contrary to public policy: acting as an unlicensed public adjuster is a criminal offense in Maryland.

108.    Defendant JSPB engaged in abusive practices in the sale of consumer services, in that it misled Plaintiff about important aspects of the transaction – specifically that her insurer would pay for JSPB's services, and that the electronic agreement she signed was a mere receipt for the machines left running, rather than, as was in fact the case, a contract obligating her to pay money if her insurer did not pay.

**Wherefore,** Plaintiff asks for the following relief:

A.  Certification of this case as a class action, appointment of Plaintiff as class representative and Plaintiff's counsel as class counsel;

B.  An amount to be determined by the jury for compensatory damages in an amount in excess of $75,000;

C.  An award of reasonable attorneys' fees to Plaintiff.

D.  Such other and further relief the nature of the Plaintiff's cause may require.

### COUNT V – Declaratory Relief (JSPB Only)(Class)

109.    Plaintiff repeats the foregoing allegations as though fully set forth here.

110.    There is an actual controversy between Plaintiff and JSPB, in that Plaintiff affirms entitlement to cancel the alleged contract with JSPB under the Maryland Door-

to-Door Sales Act, while JSPB denies such a right.

WHEREFORE Plaintiff asks for the following relief:

A. A declaration that the alleged contract is cancellable under the Maryland Door-to-Door Sales Act.

B. Such other and further relief the nature of the Plaintiff's cause may require.

### NOTICE OF CLAIM FOR ATTORNEYS FEES

111.   Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading.  Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendants that he believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

Respectfully submitted,

Dated: May 6, 2021                       ALETA WASHINGTON

By: _/s/ Emanwel J. Turnbull_____
Emanwel J. Turnbull
CPF# 1606210269
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd, Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

Peter A. Holland
Fed. Bar No. 10866
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133

Facsimile: (410) 280-8650
peter@hollandlawfirm.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: May 6, 2021

By:  */s/ Emanwel J. Turnbull*
      Emanwel J. Turnbull
      CPF# 1606210269
      THE HOLLAND LAW FIRM, P.C.
      914 Bay Ridge Rd, Ste 230
      Annapolis, MD 21403
      Telephone: (410) 280-6133
      Facsimile: (410) 280-8650
      eturnbull@hollandlawfirm.com

      *Counsel for Plaintiff*