## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALETA WASHINGTON, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>JSPB INDUSTRIES, INC et al<br><br>Defendants. | Case No.: 8:21-cv- 01668-MJM |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into by and among Aleta Washington, the Named Plaintiff in this class action, in her individual capacity and on behalf of the class described in this Agreement, and JSPB Industries, Inc. ("JSPB"), Defendant in this action, who collectively shall be the "Settling Parties," as more fully defined below. This Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire class the Released Claims, as defined herein, upon and subject to the terms and conditions herein.

### I. Recitals

WHEREAS, the Complaint alleges that the Defendant JSPB violated the Maryland Door to Door Sales Act, and Defendant JSPB violated the Maryland Consumer Debt Collection Act by collecting and attempting to collect prejudgment interest at eighteen percent per annum and beyond JSPB's contractual limitations period; and

WHEREAS, the Complaint seeks money damages, attorneys' fees and other relief; and

WHEREAS, the Defendant denies and continue to deny each and all of the claims and contentions alleged in the Complaint; and

WHEREAS, the Settling Parties have concluded that it is desirable for the Class Action to be settled to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Class Members arising out of or related to the subject matter of the Complaint; and

WHEREAS, the Settling Parties have engaged in extensive arms-length settlement negotiations and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Settling Parties; and

WHEREAS, Class Counsel believe that the claims asserted by the Complaint are meritorious, Class Counsel also recognize, however, that these suits have an uncertain outcome and that pursuing this litigation through trial would involve substantial cost, risk and inevitable delay.  Based on their evaluation of the facts and law, and a weighing of the risks and benefits, which include, among other things, whether the facts support the claims raised in the Complaint, the expense and length of continued proceedings necessary to prosecute the Action against the Defendant through trial and any appeals, and the substantial benefits the Settlement confers upon the Class, Class Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class; and

WHEREAS, the Class Representative, through Class Counsel, who have conducted an investigation into the relevant facts and circumstances, engaged in arms' length negotiations with Defendant's Counsel, have concluded that it is in the best interests of the Class to settle the Class Members' Claims on the terms set forth herein, which are

deemed to be fair, reasonable, and adequate; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Class Counsel and Defendant's Counsel that the claims of the Class be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## II. DEFINITIONS

1. <u>Accessible Contact Information.</u> "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of Defendant and using standard address forwarding that may be supplied by the United States Post Office, if any.

2. <u>Action.</u> "Action" means the above-captioned action currently pending in the United States District Court for the District of Maryland.

3. <u>Parties.</u> The Parties to this Class Action Settlement Agreement and Release are Aleta Washington, on behalf of herself and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members") and JSPB Industries, Inc. ("Defendant")

4. <u>Attorneys' Fees.</u> "Attorneys' Fees" means reasonable attorneys' fees, costs of litigation, and expenses, as awarded by the Court. "Attorneys' Fees" does not include the Class Representative's payment or Settlement Administration Costs and Expenses. Attorneys' Fees are not taken from any award paid to the Class.

5. <u>Class Counsel.</u> "Class Counsel" means counsel for the Class Representative and the Class Members: Emanwel J. Turnbull, Peter A. Holland, Derek A. Hills, The Holland Law Firm, P.C.

6. <u>Class Members.</u> "Class Members" shall mean Persons defined in the

following manner:

> All individuals in Maryland against whom JSPB filed a collection action in Maryland state court after May 20, 2018 for work it performed more than one year after the Date of Service.

7. <u>Class Representative</u>. "Class Representative" means Aleta Washington.

8. <u>Complaint</u>. "Complaint" means the Complaint filed the above captioned action and attached hereto and incorporated herein as **Exhibit A-1**.

9. <u>Court</u>. The "Court" means the United States District Court for the District of Maryland.

10. <u>Date of Service</u>. "Date of Service" is the date JSPB Industries, Inc. provided its last service to a class member.

11. <u>Defendant</u>. "Defendant" means JSPB Industries, Inc.

12. <u>Defendant's Counsel</u>. "Defendant's Counsel" means Mark T. Foley, and Sasscer Clagett & Bucher on behalf of Defendant JSPB Industries, Inc.

13. <u>Effective Date</u>. "Effective Date" means the date on which the last Settling Party signs this Agreement.

14. <u>Excess Interest</u>. "Excess Interest" means pre-judgment interest greater than 6% simple interest per annum.

15. <u>Final</u>. "Final" means that date on which the Final Judgment is entered by the Court. If an appeal or review is sought from the Final Judgment, Final shall mean (a) the date of final affirmation of the Judgment, the expiration of time for petition for review or certiorari, or if review or certiorari is granted, the date of final affirmance following review pursuant to that grant, or (b) the date of final dismissal of any appeal, denial of a petition for writ for certiorari, or final dismissal of any proceeding on review; or if no

appeal is filed, the third business day after expiration of the time for taking an appeal.

16. <u>Final Judgment</u>. "Final Judgment" means the Final Judgment provided for in paragraph 42.

17. <u>Late Collected.</u> "Late Collected" means money collected from a class member after suit was filed more than 1 year after the date of service.

18. <u>Notice</u>. "Notice" means the Notice of Proposed Class Action Settlement in the form attached hereto and incorporated herein as **Exhibit A-2**.

19. <u>Notice Date</u>. "Notice Date" means the date that Notice is mailed to Class Members.

20. <u>Opt-Out Date</u>. "Opt-Out Date" means the deadline for Class Members to postmark requests for exclusion from the Settlement. The Opt-Out Date will be at least 60 days after the Notice Date, and requests for exclusion postmarked after that date will have no legal effect.

21. <u>Person</u>. "Person" (when used in the singular or in the plural form) means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and any other recognizable legal entity.

22. <u>Preliminary Approval Order</u>. "Preliminary Approval Order" means the order preliminarily approving this Settlement Agreement, approving the Notice, and setting the Settlement Hearing, as provided in paragraph 39 of this Settlement Agreement, a form of which is attached hereto and incorporated herein as **Exhibit A-3**.

23. <u>Related Parties</u>. "Related Parties" shall mean each of a Parties' past or present officers, directors, trustees, members, employers, employees, partners, member

firms, affiliates, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families, and all Related Parties' and Settling Parties' insurers and their reinsurers.

24. Released Claims. "Released Claims," means the claims and liabilities released and discharged under paragraph 36.

25. Settlement. "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits.

26. Settlement Administration Costs and Expenses. "Settlement Administration Costs and Expenses" means the costs and expenses connected with obtaining and using the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing notice.

27. Settlement Administrator. "Settlement Administrator" means American Legal Claims Service ("ALCS"), an independent settlement administrator selected by the Parties.

28. Settlement Amount. "Settlement Amount" means the amounts paid to each Class Member, including Aleta Washington, plus the compensation paid to Class Counsel.

29. Settlement Hearing. "Settlement Hearing" means the hearing to determine whether the settlement of the Class Action should be given final approval, whether the proposed Plan of Allocation should be approved, and whether the applications of Class Counsel for attorneys' fees, costs, and expenses should be approved.

30. Settling Parties. "Settling Parties," means Aleta Washington, on behalf of herself, and the Class Members, Defendant, and their Related Parties.

## III. PLAN OF ALLOCATION

31. Relief to Class. The Defendant agrees as part of this settlement to:

   a. Provide a list of all Class Members to Class Counsel within 7 days of preliminary approval of this Settlement Agreement by the Court.
   b. Cease prosecution of and file a dismissal with prejudice of any pending action as of Defendant JSPB Industries, Inc. against a Class Member;
   c. File a notice of satisfaction of judgment as to all judgments against Class;
   d. Represent and warrant that they will not institute or re-file any collection action against any class member more than one year after the date of service;
   e. Represent and warrant that JSPB Industries, Inc. will change its form contract to include notices required by the Maryland Door To Door Sales Act within 30 days of this agreement;
   f. Pay $80,000 for all class claims, including costs of administration, within 30 days of final approval of this Settlement Agreement by the Court, to be distributed as follows:

      a. Incentive Fee to Class Representative:   $4,000.00
      b. Class Counsel's Fees (subject to approval by the court): $30,000.00
      c. Fund for Costs of Administration and Monetary Relief: $46,000.00
         i. The fund shall go first to the costs of administration, then to the repay Excess Interest, then to repay pro rata money Collected Late other than excess interest.

Defendant JSPB represents that the amount involved are as follows:

| | |
|---|---|
| Excess Interest | $22,393.64 |
| Collected Late (excluding Excess Interest) | $196,914.69 |
| Judgments to be marked satisfied | $148,046.68 |
| Face value of claims to be dismissed or otherwise released | $111,452.70 |

Further, any *cy pres* will be paid to the Maryland Consumer Rights Coalition, Civil Justice, or Maryland Legal Aid, to be selected by Plaintiff.

32.  <u>Attorneys' Fees and Related Matters</u>.  Defendant must pay to Class Counsel, subject to Court approval, reasonable attorneys' fees and costs related to this action, including reasonable time spent handling communications from Class Members, not to exceed $30,000.00. The amount of reasonable attorneys' fees and costs are not taken from any award/benefit to the class or class representative. This payment is subject to court approval and Defendant agrees not to object to any request to the Court below or equal to $30,000.00.

33.  <u>Class Notice</u>.  The Settlement Administrator shall send the Notice at the time provided in paragraph 39.

34.  <u>Class Members' Right of Exclusion</u>.  Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within the time and in the manner provided in paragraph 41 of this Agreement, as approved by the Court. Any Class

Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

35. The Settling Parties agree that the Settlement Amount is sufficient to satisfy each Settling Party's obligation to every other Settling Party with regard to all Released Claims.

### IV. RELEASED CLAIMS

36. Plaintiff, and each Class Member not timely opting out, as of the Effective Date of the Settlement Agreement, does hereby release and forever discharge Defendant and its current and former employees, shareholders, officers, directors, representatives, employees, agents and insurers ("Released Parties") of and from all causes of action, suits, claims and demands, in law or in equity, for damages, statutory damages, expenses, costs, and counsel fees arising out of the practices alleged in the Complaint. This release is conditioned upon the final approval of the Settlement Agreement by the Court and Defendant meeting its obligations therein.

37. The Settling Parties understand and agree that the provisions of paragraph 36 shall be construed to exclude, and shall not impair, any right or cause of action arising from a breach of this Settlement Agreement, including but not limited to, any future claims that may arise with regard to the implementation of the Settlement Agreement.

### V. PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

38. <u>Preliminary Approval Motion</u>. In accordance with the procedures and time schedules below, Class Counsel shall take such actions, and prepare and file, subject to the prior approval by all other Settling Parties, all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both preliminary and final

approval of this Settlement Agreement from the Court. All Settling Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

    a.    Within 7 days of the Effective Date of this Agreement, Class Counsel shall move for preliminary approval of this Agreement, including a request that the Court approve the mailing of the Notice within 30 days of the entry of the Preliminary Approval Order. All Settling Parties shall join in that motion, and shall support any order approving this Agreement through any appeal, if necessary. Without prior approval of any other Settling Party, Class Counsel may file memoranda in support of the preliminary (and final) approval of this Settlement Agreement; and

    b.    The Preliminary Approval Order shall require, and the Notice shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served upon Class Counsel as more fully described in paragraph 40, below. The Notice shall provide that any objection that is not received within the time set by the Court is deemed waived. Class Counsel shall maintain a telephone number or numbers or email address that may be utilized by Class Members who may have questions regarding this Settlement Agreement. Any attorney's fees or expenses incurred by Class Counsel with respect to maintaining this telephone number or numbers or email address to respond to questions about this Settlement Agreement are part of and contemplated by definition of Attorneys' Fees in paragraphs 4 and 32. Defendant reserves the right to challenge the reasonableness of those fees and expenses on to the extent that Class Counsel petition the Court for a total award in a sum of greater than $30,000.00; no party waives the right to appeal from a decision concerning Attorneys' Fees and Costs; and

    c.    The Settling Parties shall jointly request a Settlement Hearing date, which

is no more than 120 days after the date of entry of the Preliminary Approval Order (as determined by the Court).

39. <u>Preliminary Approval Order</u>. The Preliminary Approval Order entered by the Court shall be substantially in the same form as **Exhibit A-3**, hereto, but as a condition subsequent of this Settlement Agreement it shall at a minimum contain the following provisions:

a. Preliminary approval of the Settlement Agreement set forth herein, and subject to any objections that may be presented to the Court before the Settlement Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

b. Approval of the form of a Notice of Settlement that includes the general terms of the settlement set forth in the Settlement Agreement (substantially in the form of **Exhibit A-2** attached hereto and incorporated herein) and the procedures for objections and opt-outs described below, and directing the Settlement Administrator to mail or cause to be mailed by first class mail the Notice to all Class Members at their respective Accessible Contact Information within 30 days from the date of said order; and

c. A finding that the mailing of the Notice by regular first class mail to all Class Members whose address has been identified constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required.

d. For the mailing of the Notice of Settlement to the Class Members, Defendant and Class Counsel have agreed to use America Legal Claims Service, an

unrelated third-party notice company.

40. <u>Objections</u>. Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Settlement Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection no later than 21 days before the Settlement Hearing date. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 days before the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorney's Fees to Class Counsel, unless otherwise ordered by the Court.

41. <u>Exclusion from the Class</u>. Any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN WASHINGTON V JSPB" or words to that effect. The request for exclusion must also contain the excluded Class Member's name, address, and signature.

## VI. FINAL JUDGMENT

42. <u>Final Judgment</u>. The Final Judgment entered upon the Settlement Hearing by the Court shall be substantially in the same form mutually agreed to by the Settling Parties and jointly presented to the Court at least 15 days prior to Settlement Hearing date. But a condition subsequent of this Settlement the final judgment shall, at a minimum, include the following provisions:

    a.    A finding that the distribution of the Notice fully and accurately informed all Class Members and Related Parties entitled to notice of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

    b.    A finding that after proper notice to the Class and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or that all timely objections have been considered and denied; and

Approval of the settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, under Rule 23 of the Federal Rules of Civil Procedure, and finding that the settlement is in good faith, and ordering the Parties to perform the settlement in accordance with the terms of this Settlement Agreement; and

    c.    A finding that neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties of any liability or wrongdoing; and Subject to reservation of jurisdiction for matters discussed in subparagraph (f), below, dismisses with prejudice the Complaint; and

    d.    In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds

that there is no just reason for delay, and orders the entry of a Final Judgment; and

e. A finding that all Class Members and their Related Parties shall, as of the entry of the Final Judgment, conclusively be deemed to have released and forever discharged the Defendant and its Related Parties from all Released Claims; and

f. A reservation of exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Class and resolving any disputes that may arise with regard to any of the foregoing.

## VII. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, RECISSION, OR TERMINATION

43. This Settlement Agreement, including the releases herein, shall be null and void, if:

a. A Preliminary Approval Order, in a form as described by paragraph 39 above and attached as **Exhibit A-3**, is not entered by the Court; and

b. A Final Judgment, in a form as described by paragraph 42, above, is not entered by the Court; or

c. Subject to the reservation of jurisdiction for matters described in paragraph 42(f), the Action is not, for any reason, dismissed with prejudice.

44. In the event that this Settlement Agreement is finally rejected upon the Settlement Hearing, or in the event a Final Judgment is not entered, or does not become Final, or in the event that the Settlement Agreement is rejected by an appellate court, then the terms of this Agreement shall be null and void; and

a.  The terms of this Agreement shall have no further force and effect with respect to the Settling Parties.

b.  This Agreement shall not be used in this litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement or required by such party's position as a fiduciary to secure judicial approval of this Agreement; and

c.  The Settling Parties shall be restored to their respective positions in the litigation as of the date of the Settlement Agreement; and

d.  Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

## VIII.  MISCELLANEOUS PROVISIONS

45.  <u>Agreement to Cooperate</u>.  The Parties: (a) acknowledge that it is their intent to execute the Agreement; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

46.  <u>Good Faith Settlement and Advice of Counsel</u>.  The Parties agree that the terms of the Settlement reflect a good-faith settlement of the Class Representative's and the other Class Members' claims in the Action, reached voluntarily after consultation with experienced legal counsel.

47.  <u>Incorporation</u>.  All of the Exhibits to the Agreement are material and integral parts of the Settlement and are fully incorporated herein by this reference.

48.  <u>No Waiver</u>.  The waiver of one party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a

waiver by any other Party of that breach or a waiver by that Party of any other Party's breach.

49. <u>Modification</u>. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in- interest.

50. <u>Headings</u>. The headings of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

51. <u>Entire Agreement</u>. Except as provided herein, the Agreement and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning the Agreement or its Exhibits other than the representations, warranties and inducements contained and memorialized in the Agreement and the Exhibits thereto.

52. <u>Authority to Settle</u>. The Parties mutually warrant that they are expressly authorized and to take all appropriate action to effectuate the terms and conditions of the Settlement and also are expressly authorized to enter into any modifications of, or amendments to, the Agreement which they deem appropriate.

53. <u>Authority to Execute</u>.  Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any Party hereto hereby warrants that he or she has the full authority to do so.

54. <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, each of which shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

55. <u>Binding Effect</u>. The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto. All Settling Parties waive the

right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

56. <u>Exclusive Jurisdiction and Venue for Enforcement</u>. Any dispute relating to this Agreement and/or Final Judgment may be resolved in the U.S. District Court for the District of Maryland, which Court shall retain jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Judgment. The Parties agree to submit to the exclusive jurisdiction and venue for the purposes described above.

57. <u>Choice of Law</u>. This Agreement and any document executed in furtherance of the Settlement shall be governed by, subject to, and construed in accordance with the laws of the State of Maryland, without regard to conflicts-of- laws principles.

58. <u>Costs and Expenses</u>. Except as otherwise provided herein, each Party shall bear its own costs and expenses.

59. <u>Interpretation</u>. All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed.

_____

ALETA WASHINGTON

_____

For JSPB INDUSTRIES, INC.