## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALETA WASHINGTON, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>JSPB INDUSTRIES, INC et al<br><br>Defendants. | Case No.: 8:21-cv- 01668-MJM |

## ORDER GRANTING PRELIMINARY APPROVAL OF NOTICE, SETTLEMENT WITH DEFENDANTS AND SETTING A FINAL APPROVAL HEARING AND OTHER DATES

Upon consideration of the Plaintiff's Consent Motion For Preliminary Approval of a Settlement Class, Appointing Plaintiff as Class Representative, Appointing Plaintiff's Counsel as Class Counsel, Approving Notice to the Class and Setting of Final Approval Hearing and Other Dates filed herein and the pleadings, motions and memorandums filed in this action, the Court finds that the Motion should be and hereby is **GRANTED**.

The Court has reviewed the requirements under Rule 23 (c)(1), of the Fed. R. Civ. P. and finds that the proposed settlement class meets the requirement for certification under that section. The class is numerous, consisting of at least approximately 60 members. There are common issues as to whether Defendant were entitled to file consumer collection actions against the class members, whether the limitations clause in the standard contract applied to the claims brought by Defendant and whether Defendant was entitled to interest claimed. The Plaintiff's claims are typical and there is no dispute that they were not treated any differently by the Defendants.

Further, the Count finds that the Plaintiff and his Counsel will adequately represent the Settlement Class. Plaintiff has no interests adverse to the other class

members. Therefore, the Court appoints Plaintiff as Class Representative.

Similarly, the Court finds their counsel, Peter A. Holland and Emanwel J. Turnbull of the Holland Law Firm, P.C. and Derek Hills, of counsel to the Holland Law Firm, P.C., to be adequate as Class Counsel. In appointing Class Counsel, I have considered the factors set forth in Rule 23 (g). These factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, all of which favor appointment of these counsel as class counsel.

Further, the Court finds that certification of a class action for settlement purposes under Rule 23 (c)(1) is an appropriate and superior method to resolve the claims in this action. The claims relate to collection activities and pursuit of individual claims by class members is unlikely. The class action also sets forth common issues of fact that predominate over any other potential issues in this action.

Accordingly, the Court certifies the following class of persons under Rule 23 (c)(1) for settlement purposes only:

> All individuals in Maryland against whom JSPB filed a collection action in Maryland state court after May 20, 2018, for work it performed, more than one year after the Date of Service.

The claims to be addressed by the class are:

> Maryland Consumer Debt Collection Act, Maryland Consumer Protection Act, Maryland Door-to-Door Sales Act.

The Court further finds that the proposed Settlement of this action as reflected in the Class Action Settlement Agreement and Release is a fair and reasonable compromise of the disputed claims herein given liability is not certain and the relief obtained is

substantial.

The Court approves the manner of notice and proposed notices to class of this Settlement; specifically the Notice of Class Action Settlement (the "Class Notice") provided to the Court by the parties. The Class Notice shall be printed and mailed to the last known addresses of the class members for which addresses are known no later than 14 days after entry of this order and it shall contain the following dates and information:

Deadline for election to be excluded:     <u>December 5, 2022</u>

Deadline for objections to be filed:      <u>December 5, 2022</u>

Date and Time of Final Fairness Hearing -  <u>December 19, 2022, at 10:00 a.m.</u>

A Final Fairness Hearing concerning this Settlement shall take place on <u>December 19, 2022</u> beginning at <u>10:00 a.m.</u> (Courtroom to be determined.) Plaintiff's Motion for Final Approval of this Settlement, Petition for Class Counsel Compensation, together with affidavits regarding notice and elections shall be filed with the Court prior to the final fairness hearing.

The Court further approves the Settlement Agreement provided to this Court by the parties. This Order is subject to further consideration based on any objection posed by the Class following the distribution of Notice of the Settlement.

September 20, 2022
_____                _____
Date                                   Hon. Matthew J. Maddox

                                       UNITED STATES MAGISTRATE JUDGE